# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KENNETH RAY PITTS,                                                                  PLAINTIFF
ADC #085938

v.                                       5:19CV00297-DPM-JTK

THOMPSON, et al.                                                      DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Chief Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendants on September 13, 2019, and the Court granted his Motion to Proceed in forma pauperis on January 24, 2020 (Doc. Nos. 2, 38). By Order dated November 21, 2019, this Court directed the issuance of summons and service of Plaintiff's Amended Complaint on Defendants Merrill and Thompson (Doc. No. 20). Summons was returned executed with respect to Defendant Merrill on December 23, 2019, and she filed an Answer to the Amended Complaint on December 26, 2019 (Doc. Nos. 26, 28) However, summons was returned unexecuted with respect to Defendant Thompson on December 23, 2019, with a notation that Thompson was not listed as an employee for the medical contractor (Correct Care Solutions, Inc.) and the contractor did not have a last-known address for Defendant Thompson (Doc. No. 27). Therefore, on January 3, 2020, the Court ordered Plaintiff to provide Defendant Thompson's last-known address within ninety days, warning him that failure to do so would result in the dismissal of Defendant Thompson pursuant to FED.R.CIV.P. 4(m). (Doc. No. 30) Plaintiff responded with a Motion for Service, stating that Defendant Thompson works at the Cummins Unit with Defendant Merrill. (Doc. No. 39) Therefore, the Court issued

summons and directed service of Defendant Thompson at the Cummins Unit on February 11, 2020. (Doc. No. 41) However, summons was again returned unexecuted on March 10, 2020, with a notation that Thompson is no longer employed, and with no last known address to forward process. (Doc. No. 69)

Defendant Merrill was dismissed on April 14, 2020. (Doc. No. 65) On May 6, 2020, the Court directed Plaintiff to provide remaining Defendant Thompson's last-known address, different from the Cummins Unit, or otherwise achieve service of Thompson within thirty days of the Order, and warned Plaintiff that failure to provide such would result in Thompson's dismissal pursuant to FED.R.CIV.P. 4(m). As of this date, however, Plaintiff has not provided another address for Thompson and Thompson has not been served.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time....

This Court's January 3, 2020 and May 6, 2020 Orders (Doc. Nos. 30, 70) constituted notification to the Plaintiff, within the meaning of Rule 4, that service should be effected within a specified period of time. Absent notice of another last-known address, the Court finds that Defendant Thompson should be dismissed, without prejudice, for failure to obtain service. And since Thompson is the only remaining Defendant, Plaintiff's case should be dismissed. Accordingly,

IT IS, THEREFORE, RECOMMENDED that:

1.   Defendant Thompson be DISMISSED for failure to obtain service.

2.   This case be DISMISSED without prejudice.

3.      All pending Motions be DENIED as moot.

IT IS SO RECOMMENDED this 8th day of June, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE